IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH OLLIE, | ) | |
| Petitioner, | ) | Civil Action No. 13-83 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| MICHAEL PUGH, | ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.   RECOMMENDATION

Joseph Ollie has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. The petition has not been served yet but this Court may dismiss it if it plainly appears on its face that Ollie is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (which is applicable to § 2241 cases). That is the case here. Therefore, it is recommended that the petition be summarily dismissed without service.

## II.   REPORT

### A.   Background

On March 13, 2012, an Indictment was filed against Ollie in this Court at Docket No. 1:12-cr-09 that charged him with violating 18 U.S.C. § 922(a)(6) (falsification of a firearms purchase form) and 18 U.S.C. § 924(a)(1)(A) (falsification of a firearm transaction record). Ollie was arraigned on March 27, 2012. He appeared before me and entered a plea of not guilty. After conducting a detention hearing on April 3, 2012, under the Bail Reform Act, 18 U.S.C. § 3142(f), I ordered that he be released on a $5,000 unsecured bond with conditions of release requiring weekly reporting to the Pretrial Service Office and a curfew from 7:00 p.m. to 7:00 a.m. Prior to Ollie posting bond, the Government filed a

motion for an immediate stay and for revocation of the release order. The Honorable Maurice B. Cohill granted the stay and scheduled a detention hearing for April 19, 2012.

On April 10, 2012, at Criminal Docket No. 1:12-cr-18, an Indictment charged Ollie with violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon), 18 U.S.C. § 922(g)(8) (possession of a firearm while subject to a domestic abuse restraining order), and 18 U.S.C. § 922(j) (possession of a stolen firearm). Ollie appeared before me on April 17, 2012, and entered a plea of not guilty on these charges. I ordered that he be detained pending the April 19, 2012, detention hearing.

After conducting the detention hearing on April 19, 2012, Judge Cohill found evidence that the Government had met its burden of proving by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and of the community. After consideration of the evidence and the factors set forth in 18 U.S.C. § 3142(g), Judge Cohill determined that pretrial detention was warranted and ordered that Ollie be detained pending his trials.

Ollie could have immediately appealed Judge Cohill's detention order to the U.S. Court of Appeals for the Third Circuit. 18 U.S.C. § 3145(c); 28 U.S.C. § 1291. He did not do so.

On December 5, 2012, Ollie appeared before Judge Cohill at Criminal Docket No. 1:12-cr-09 and pleaded guilty to both Counts of the Indictment. On May 3, 2013, Judge Cohill denied his motion to withdraw that plea of guilty. He is awaiting sentencing in that case. Accordingly, he is no longer a pre-trial detainee with respect to the case at Criminal Docket No. 1:12-cr-09. He is a convicted felon and is in custody pending sentencing pursuant to 18 U.S.C. § 3143(a)(1), which provides that a person may be released while awaiting imposition or execution of sentence only if the judge finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or community." In contrast to the burden in a pre-trial detention setting, an individual who has

2

been convicted and is awaiting sentence has "[t]he burden of establishing that [he or she] will not flee or pose a danger to any other person or to the community rests with the defendant." Fed.R.Crim.P. 46(c).

Ollie's trial in Criminal Docket No. 1:12-cr-18 is scheduled for August 13, 2013.

Now pending before the Court is a separate civil action that Ollie has commenced by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Ollie incorrectly identifies himself solely as a "pretrial detainee" and challenges Judge Cohill's April 2012 detention order. [ECF No. 1 at 1-2]. As relief, he seeks an order from this Court that immediate releases him on his own recognizance. He "promises to appear for trial at a later date[.]" [ECF No. 1 at 8].

On May 6, 2013, after he had filed the instant petition for a writ of habeas corpus, Ollie filed a motion in both of his criminal actions that Judge Cohill construed as a renewed request to be released from detention. Ollie faulted his attorney for failing to appeal the April 2012 detention order. Judge Cohill determined that any failure on the part of defense counsel to file an appeal of the detention order did not warrant the remedy of ordering that Ollie be released. Judge Cohill evaluated Ollie's request to be released from detention pursuant to both 18 U.S.C. § 3142 ("Release or detention of a defendant pending trial") and 18 U.S.C. § 3143 ("Release or detention of a defendant pending sentence or appeal") and explained:

> 18 U.S.C. § 3142 states in relevant part:
>
> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.
>
> 18 U.S.C. § 3142(f)(2)(B). To the extent Defendant's request should be treated as being from a defendant pending trial, nothing argued by Defendant constitutes information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure

3

the appearance of such person as required and the safety of any other person and the community." Id. Accordingly, assuming 18 U.S.C. § 3142 is applicable in this case, we find no reason to reopen the detention hearing.

> 18 U.S.C. § 3143 states in relevant part:
>
> (a) Release or detention pending sentence. -- (1) Except as provided in paragraph (2) [not applicable here], the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> 18 U.S.C. § 3143. Applying this subsection to Defendant, "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence," … we find that Defendant has not provided this Court with any evidence from which we can find "by clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Accordingly, 18 U.S.C. § 3143(a) mandates that Defendant remain detained.

5/17/2013 Memorandum Opinion and Order issued in Criminal Docket Nos. 1:12-cr-09 & 18.

**B.     Discussion**

Ollie's § 2241 habeas petition should be dismissed pre-service. He inaccurately describes himself solely as a pre-trial detainee. However, with respect to the case at Criminal Docket No. 1:12-cr-09, he is a convicted felon and is in custody pending sentencing pursuant to 18 U.S.C. § 3143(a)(1). His claim in the petition is that he is entitled to pre-trial release. That claim became moot on December 5, 2012, when he entered his plea of guilty to the Counts of the Indictment at Criminal Docket No. 1:12-cr-09. See, e.g., United States v. Roberts, 463 F.App'x 72, 74 n.4 (3d Cir. 2012) (per curiam) (citing Fassler v. United States, 858 F.2d 1016, 1017-18 (5th Cir. 1988) (per curiam) for the proposition that a challenge to pretrial detention becomes moot after the defendant has been convicted and, as a result, is in custody

pursuant to 18 U.S.C. § 3143). Although Ollie technically is a pre-trial detainee in the case at Criminal Docket No. 1:12-cr-18, he no longer can be released pre-trial in that case because he is also in custody for the separate reason that he is a convicted felon in the case at Criminal Docket No. 1:12-cr-09. Thus, even if he could show that there was an error in detaining him pre-trial (which he cannot), he would not be entitled to be released.

Ollie's request for habeas relief is also moot for the separate reason that, after he filed the instant petition, he filed a motion in his both of his criminal cases asking Judge Cohill to reconsider the April 2012 detention order. Judge Cohill did so and on May 17, 2013, issued the Memorandum Order in which he held that Ollie was not entitled to release at the present time.

Finally, under the circumstances of this case, Ollie may not challenge his detention by way of a § 2241 habeas petition. The appropriate vehicle for him to challenge the April 2012 detention order was "the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." Whitmer v. Levi, 276 F.App'x 217, 219 (3d Cir. 2008) (per curiam) (because "[a]dequate remedies were available in his criminal case," the petitioner was "not entitled to habeas corpus relief" on a claim that he was improperly denied pre-trial release) (citing Government of the Virgin Islands v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970) (per curiam)). See also Roberts, 463 F.App'x at 74 ("Challenging federal pretrial detention via a § 2241 petition has been both harshly criticized, Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir.1988) (per curiam), and held to be inappropriate. United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir.1987)."). Ollie could have appealed the April 2012 detention order to the Third Circuit Court pursuant to the Bail Reform Act's expedited review procedure but did not do so. He filed the instant § 2241 petition approximately eleven months after the challenged order was issued and after he pleaded guilty to the Counts in the Indictment in Criminal Docket No. 1:12-cr-09. Moreover, in May 2013 Judge Cohill in both of his criminal cases

examined whether Ollie was entitled to be released at the present time and determined that he was not. Under these facts, he may not seek another review of his detention in a habeas corpus action.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Ollie is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated:  June 14, 2013                             /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States Magistrate Judge